UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MONICA MARGARITA<br>BARRIOS-BARRIOS ET AL. | CIVIL ACTION |
| VERSUS | NO. 10-837 |
| DARRIUS CLIPPS ET AL. | MAGISTRATE JUDGE<br>JOSEPH C. WILKINSON, JR. |

## ORDER AND REASONS ON MOTION

Plaintiffs filed a motion to compel defendants to produce the pre-employment psychological evaluation of defendant, former New Orleans Police Officer Darius Clipps, who allegedly violated plaintiffs' civil rights.  Record Doc. No. 63.  Defendants, the City of New Orleans and the former New Orleans Police Superintendent, oppose the motion on grounds that the evaluation is protected from discovery by the psychotherapist-patient privilege, which extends to communications and notes made by a psychotherapist, as recognized by the Supreme Court in Jaffee v. Redmond, 518 U.S. 1 (1996).  I previously deferred the motion so that I might review the pre-employment psychological evaluation in camera, Record Doc. No. 67, which I have now done.

The various district court cases that plaintiffs and defendants cite in their respective memoranda reach opposite conclusions about whether this type of psychological evaluation is protected by the psychotherapist-patient privilege.  The only Fifth Circuit case that I have located addressing the privilege is United States v. Auster, 517 F.3d 312 (5th Cir. 2008), which neither party has cited.  Federal law in this area remains unsettled.  The Fifth Circuit

noted in <u>Auster</u> that the Sixth and Ninth Circuit Courts of Appeal have reached different results, with which the Fifth Circuit disagreed, while the Tenth Circuit has reached the same result on a different basis. <u>Id.</u> at 317-18. Fifth Circuit precedent is, of course, binding on me. Although <u>Auster</u> was a criminal case and its facts are not analogous to the instant case, the principles of the Fifth Circuit's opinion can be applied to plaintiffs' motion to compel production of the pre-employment psychological evaluation of a former police officer in this civil case.

In <u>Auster</u>, the criminal defendant sought to suppress evidence of threats he had made, during counseling with his psychotherapist, against the persons who administered his workers' compensation benefits. Auster had made similar threats during previous counseling sessions. Each time, his psychotherapist had informed him that the therapist was obligated to report the threats to the persons to whom they were directed. "Knowing that his therapist . . . would convey his threat to its target, [Auster informed his therapist] that unless the managers of his workers' compensation claim continued to pay the benefits that he believed he was owed, he would 'carry out his plan of violent retribution' against them and others." <u>Id.</u> at 313. After the therapist reported this threat to its intended target, Auster was indicted for extortion.

The Fifth Circuit held that the threat made during counseling was <u>not</u> protected by the psychotherapist-patient privilege because Auster "had no reasonable basis to conclude that the statement was confidential." <u>Id.</u> at 315. "Because he knew he was making a threat

2

of physical violence against specific victims to commence on a specific date, he also knew that his statement was of the sort that [the therapist] had a duty to disclose.  Under these circumstances, any expectation of confidentiality would have been manifestly unreasonable."  Id. at 316 n.11 (quotation omitted).

      The Fifth Circuit emphasized that the key to any analysis of the privilege is "Jaffee's explicit confidentiality requirement."  Id. at 315.  The Fifth Circuit stated that the Supreme Court "unambiguously limited the psychotherapist-patient privilege's applicability to those instances in which the patient's statement was made in confidence, holding that the 'privilege covers <u>confidential</u> communications made to licensed psychiatrists and psychologists[, and] <u>confidential</u> communications made to licensed social workers in the course of psychotherapy.'"  Id. (quoting Jaffee, 518 U.S. at 15) (emphasis added by the Fifth Circuit).  "As a matter of law, where the confidentiality requirement has not been satisfied, the psychotherapist-patient privilege–as with other privileges–does not apply."  Id.  "The controlling question is whether [the person who made the statement to his therapist] had a reasonable expectation of confidentiality" when he made the statement.  Id. at 316 n.11 (quotation omitted).  "[W]ithout such a reasonable expectation, there is no privilege."  Id. at 316.

      In the instant case, defendants submitted the affidavit of Amy Trepagnier, who is the Personnel Administrator, Recruitment & Selection Division, Civil Service Department of the City of New Orleans.  Trepagnier states that her department screens applicants,

administers and scores examinations, and prepares lists of eligible candidates for City departments, including the Police Department.  The screening process for police officer applicants includes a psychological evaluation and testing, which are administered by an independent contractor.  Based on the results of that examination and testing, applicants are either approved or denied.  When an applicant performs satisfactorily on the psychological examination, the Civil Service Department receives only a one-page psychologist's report.  The Civil Service Department notifies the Police Department when an applicant has successfully completed the entire process, including but not limited to psychological clearance, but the Police Department does not receive a copy of any psychological evaluations.  The one-page psychologist's report on Clipps was attached to Trepagnier's affidavit as Exhibit B for my in camera review.

There is no evidence in the record concerning Clipps's own expectations of confidentiality or what the examining psychologist may have told him about confidentiality of the interview and test results.  See, e.g., Jaffee, 518 U.S. at 13 n.12 ("At the outset of their relationship, the ethical therapist must disclose to the patient the relevant limits on confidentiality.") (quotation and citations omitted).  In connection with defendants' separately pending motion for summary judgment, both parties submitted Clipps's deposition testimony, which I have read.  Record Doc. Nos. 66-2, 68-1.  Concerning his pre-employment psychological evaluation, Clipps testified only that he recalled going through several tests and an interview with a female psychologist.  He did not receive any

results of the examination or tests. He assumed that he passed because he was hired by the Police Department. Record Doc. No. 66-2, at pp. 18-19 of deposition transcript.

I find that the evidence establishes that the one-page psychologist's report on Clipps was intended to be confidential and was actually maintained as confidential by the Civil Service Department, with none of the information contained in it having been disclosed to the Police Department or to Clipps himself. In these circumstances, Clipps would have had a reasonable expectation of confidentiality in the report. The report is therefore protected from discovery by the psychotherapist-patient privilege.

Many of the cases cited by plaintiffs are distinguishable because the police officer in those cases knew that the psychological evaluations would be submitted to the employing police department and/or such evaluations were actually disclosed to the officer's superiors. Thus, the officer had no reasonable expectation of confidentiality in the psychological reports. See James v. Harris County, 237 F.R.D. 606, 610-12 (S.D. Tex. 2006) (Atlas, J.) (in a civil rights action, holding that records of police officer's mandatory post-shooting psychological counseling were protected by the psychotherapist-patient privilege because officer had reasonable expectation of confidentiality; discussing and distinguishing contrary holdings in Kamper v. Gray, 182 F.R.D. 597 (E.D. Mo. 1998); Scott v. Edinburg, 101 F. Supp. 2d 1017 (N.D. Ill. 2000); Phelps v. Coy, 194 F.R.D. 606 (S.D. Ohio 2000); Barrett v. Vojtas, 182 F.R.D. 177 (W.D. Pa. 1998), because of the lack of such a reasonable expectation in those cases).

On the other hand, when the only information received by the employer from the psychotherapist is that the police officer either is or is not fit for duty, district courts have held that the officer has a reasonable expectation of confidentiality in any underlying psychological reports and notes, which are protected by the privilege. Id. at 612 (citing Speaker v. County of San Bernardino, 82 F. Supp. 2d 1105, 1116-17 (C.D. Cal. 2000); Caver v. City of Trenton, 192 F.R.D. 154, 162 (D.N.J. 2000); Williams v. Dist. of Columbia, No. 96-0200-LFO, 1997 WL 224921, at *2 (D.D.C. Apr. 25, 1997)).

Furthermore, even if the privilege did not apply, a protective order would be appropriate to preclude discovery of Clipps's pre-employment psychological report because

> disclosure here would be detrimental to the public good. Police Officers are required to undergo psychological evaluations in order to determine whether they are mentally fit to be police officers. This testing is performed not only to benefit the officer's mental well-being, but more importantly, to ensure the safety of the community by protecting its citizens from police officers whose mental instability poses a risk to public safety. If police officers know that their psychological records may be disclosed to the public, there exists a likelihood that they would not be completely candid when speaking to a mental health professional. This lack of candor would, in turn, defeat the purpose for psychological evaluations, which is, determining mental fitness for the job. The Court recognizes that the public has an interest in knowing whether their police are mentally fit for the job, but disclosure of actual psychological records is not necessary and would have a chilling effect on frankness between patient and psychologist. If police officers are not completely honest when speaking to a mental health professional, it will make it more difficult for the mental health professional to accurately evaluate the mental status of a police officer, and to ensure public safety.

Caver, 192 F.R.D. at 162.

Having reviewed in camera the materials submitted by defendants in accordance with the principles of <u>Auster</u> and <u>Jaffee</u>, and for reasons similar to those set forth in <u>Strother v. City of New Orleans</u>, C.A. No. 03-204(T)(1), Record Doc. No. 56 (Shushan, M.J.) (citing <u>Caver</u>, 92 F.R.D. at 154), I find that Clipps's pre-employment psychological report, Exhibit B to Trepagnier's affidavit, is protected from disclosure pursuant to the psychotherapist-patient privilege.

Accordingly, IT IS ORDERED that plaintiffs' motion to compel is DENIED. However, I will order that Trepagnier's affidavit, which contains no privileged information, be filed in the record.

New Orleans, Louisiana, this   29th   day of September, 2011.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE